AO 88A (Rev 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| PITTSBURG SNF LLC, et al., ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:10-cv-363 |
| PHARMERICA EAST LLC f/k/a PHARMERICA ) | |
| EAST, INC. ) | (If the action is pending in another district, state where |
| *Defendant* ) | Eastern District of Texas ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: PharmScript LLC
81 Glendale Avenue, Edison, NJ 08817

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Schedule A attached hereto.

| Place: Holland & Knight LLP<br>31 West 52nd Street<br>New York, NY 10019 | Date and Time:<br>05/08/2012 10:00 am |
|---|---|

The deposition will be recorded by this method: __Video Recording__

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __03/29/2012__

*CLERK OF COURT*

OR

/s/ Elizabeth M. Mitchell

_____    _____
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __PharMerica East LLC__
_____, who issues or requests this subpoena, are:
Elizabeth M. Mitchell, Holland & Knight LLP, 10 St. James Avenue, Boston, MA 02116; elizabeth.mitchell@hklaw.com; (617) 523-2700

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:10-cv-363

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial

(B) *Objections* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served If an objection is made, the following rules apply

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required* On timely motion, the issuing court must quash or modify a subpoena that

(i) fails to allow a reasonable time to comply,

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held,

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) *When Permitted* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires

(i) disclosing a trade secret or other confidential research, development, or commercial information,

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party, or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) *Specifying Conditions as an Alternative* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship, and

(ii) ensures that the subpoenaed person will be reasonably compensated

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information

(A) *Documents* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand

(B) *Form for Producing Electronically Stored Information Not Specified* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms

(C) *Electronically Stored Information Produced in Only One Form* The person responding need not produce the same electronically stored information in more than one form

(D) *Inaccessible Electronically Stored Information* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C) The court may specify conditions for the discovery

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must

(i) expressly make the claim, and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim

(B) *Information Produced* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has, must not use or disclose the information until the claim is resolved, must take reasonable steps to retrieve the information if the party disclosed it before being notified, and may promptly present the information to the court under seal for a determination of the claim The person who produced the information must preserve the information until the claim is resolved

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii)

## SCHEDULE A

## INSTRUCTIONS AND DEFINITIONS

A. "PharMerica" refers to and includes PharMerica East, LLC and its predecessors and successors in interest, directors, officers, employees, agents, representatives, servants, or attorneys, individually and/or collectively.

B. "You," "your," or "PharmScript" refers to and includes PharmScript LLC and its respective partners, members, principals, managers, directors, officers, employees, agents, servants, attorneys, consultants, or representatives acting on their behalf, individually and/or collectively.

C. "Plaintiffs" refers to and includes Pittsburg SNF LLC, Balch Springs SNF LLC, Bay Oaks SNF LLC, Bellmire SNF LLC, Benbrook SNF LLC, Birmingham SNF LLC, Bluebonnet SNF LLC, Clarksville SNF LLC, Clyde SNF LLC, Colonial Manor SNF LLC, Colonial Manor NH SNF LLC, Courtyard SNF LLC, Crowell SNF LLC, El Paso SNF LLC, Gardendale SNF LLC, Greenville SNF LLC, Henderson SNF LLC, Lubbock NH SNF LLC, McAllen SNF LLC, Mesquite NH SNF LLC, Monterrey SNF LLC, Munday SNF LLC, Palo Pinto SNF LLC, Park View SNF LLC, Prairie House SNF LLC, River Oaks SNF LLC, Rosenberg SNF LLC, Santa Fe SNF LLC, Southeast SNF LLC, Stonebrook Manor SNF LLC, Sulphur Springs SNF LLC, Pinecrest SNF LLC, Renaissance SNF LLC, Vernon SNF LLC, Vista Hills SNF LLC, Wedgewood SNF LLC, and White Settlement SNF LLC and their respective partners, members, principals, managers, directors, officers, employees, agents, servants, attorneys, consultants, or representatives acting on their behalf, individually and/or collectively.

D. "Eliezer 'Lou' Scheiner" means Eliezer "Lou" Scheiner or any person acting under his direction or control, including any employees or agents.

E.  "Teddy Lichtschein" means Teddy Lichtschein or any person acting under his direction or control, including any employees or agents.

F.  "Ron Ostroff" means Ron Ostroff or any person acting under his direction or control, including any employees or agents.

G.  "Rubin Schron" means Rubin Schron or any person acting under his direction or control, including any employees or agents.

H.  "Aaron Lichtman" means Aaron Lichtman or any person acting under his direction or control, including any employees or agents.

I.  "Tara Rosenbaum" means Tara Rosenbaum or any person acting under her direction or control, including any employees or agents.

J.  "Eli Schron" means Eli Schron or any person acting under his direction or control, including any employees or agents.

K.  "Avi Schron" means Avi Schron or any person acting under his direction or control, including any employees or agents.

L.  "Chaya Coheyn" means Chaya Coheyn or any person acting under her direction or control, including any employees or agents.

M.  "Mark Schron" means Mark Schron or any person acting under his direction or control, including any employees or agents.

N.  "Miriam Scher" means Miriam Scher or any person acting under her direction or control, including any employees or agents.

O.  "Bracha Rothstein" means Bracha Rothstein or any person acting under her direction or control, including any employees or agents.

2

P.  "Jeffrey Schron" means Jeffrey Schron or any person acting under his direction or control, including any employees or agents.

Q.  "Samuel Schron" means Samuel Schron or any person acting under his direction or control, including any employees or agents.

R.  "Leonard Grunstein" means Leonard Grunstein or any person acting under his direction or control, including any employees or agents.

S.  "Harry Grunstein" means Harry Grunstein or any person acting under his direction or control, including any employees or agents.

T.  "Murray Forman" means Murray Forman or any person acting under his direction or control, including any employees or agents.

U.  "Lawrence Levinson" means Lawrence Levinson or any person acting under his direction or control, including any employees or agents.

V.  "Third-Party Defendants" refers to and includes Peter Licari, Michael D'Arcangelo, William D. Jacobson, David C. Milling, PharMaster, L.P., and PharMaster GP, LLC, and their respective partners, members, principals, managers, directors, officers, employees, agents, servants, attorneys, consultants, or representatives acting on their behalf, individually and/or collectively.

W.  "Pharmacy services agreement" means a contract by which PharmScript agrees to provide institutional pharmacy services to a nursing home, long-term care, or assisted living facility.

X.  "Documents" means the original and each copy that is not identical with the original or that contains any commentary or notation that does not appear on the original of any written, printed, recorded, or graphic matter, however produced or reproduced, or any tangible

3

thing that in whole or part illustrates or conveys information, including but not limited to correspondence, e-mails, reports, records, lists, memoranda, invoices, checks, check stubs, ledgers, financial journals, financial statements, purchase orders, sales slips, books, draft letters, telegrams, catalogues, manuals, brochures, pamphlets, schedules, calendars, summaries or records of telephone conversations or interviews, diaries, graphs, plans, drawings, notebooks, photographs, motion picture film, videotape, audio or video recordings of any kind, however made, maps, advertisements, press releases, summaries or reports of investigations or negotiations, opinions or reports of consultants, appraisals, and recordings of any other type. "Documents" also includes any and all information transmitted by and/or stored on or in any computer or word processing system, including but not limited to any and all e-mailed documents.

Y.   "Person" means any natural person or any business, legal, or governmental entity or association.

Z.   "Relating to" means relating to, referring to, describing, evidencing, concerning, or constituting.

AA.   "Communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise.

BB.   To the extent necessary to bring within the scope of the categories in this notice any information that might otherwise be construed as outside their scope (a) the word "or" means "and/or"; (b) the word "and" means "and/or"; (c) the word "all" means "any and all"; (d) the word "any" means "any and all"; (e) the singular includes the plural and the plural includes the singular, and (f) masculine pronouns denote the correlative feminine pronouns.

thing that in whole or part illustrates or conveys information, including but not limited to correspondence, e-mails, reports, records, lists, memoranda, invoices, checks, check stubs, ledgers, financial journals, financial statements, purchase orders, sales slips, books, draft letters, telegrams, catalogues, manuals, brochures, pamphlets, schedules, calendars, summaries or records of telephone conversations or interviews, diaries, graphs, plans, drawings, notebooks, photographs, motion picture film, videotape, audio or video recordings of any kind, however made, maps, advertisements, press releases, summaries or reports of investigations or negotiations, opinions or reports of consultants, appraisals, and recordings of any other type. "Documents" also includes any and all information transmitted by and/or stored on or in any computer or word processing system, including but not limited to any and all e-mailed documents.

Y.   "Person" means any natural person or any business, legal, or governmental entity or association.

Z.   "Relating to" means relating to, referring to, describing, evidencing, concerning, or constituting.

AA.   "Communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise.

BB.   To the extent necessary to bring within the scope of the categories in this notice any information that might otherwise be construed as outside their scope (a) the word "or" means "and/or"; (b) the word "and" means "and/or"; (c) the word "all" means "any and all"; (d) the word "any" means "any and all"; (e) the singular includes the plural and the plural includes the singular, and (f) masculine pronouns denote the correlative feminine pronouns.

CC. If you claim that any document or information requested is not subject to production because of any privilege, the attorney work product doctrine, or other permissible exclusion from discovery, then for each such document or item of information please provide the following information: (a) the nature of the document or communication (e.g., letter, memorandum, telephone conversation, etc.); (b) the date of the document or communication; (c) the speaker(s), or author of the document; (d) the names and addresses of those to whom the document was sent or those present during the communication; (e) the number of pages of the document, and an explanation and identification of any attachments thereto; and (f) a full explanation of the privilege or exclusion claimed and the basis of that claim, including a precise description of the material contained in the document or communication that you claim to be privileged or excluded and an identification of the material contained therein, if any, for which you do not claim a privilege or exclusion from discovery.

DD. Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

## CATEGORIES OF INQUIRY

1. The identity of the owner(s) of PharmScript, including the identity of individuals with an ownership interest in entities having an ownership interest in PharmScript.

2. The identity of facilities with which PharmScript has pharmacy services agreements.

3. The terms of the pharmacy services agreements to which PharmScript is a party, particularly relating to terms regarding pricing, length, liquidated damages, and patient choice.

4. PharmScript's business growth plans since 2009, including any new markets or customers that PharmScript has targeted in that time period.

5. PharmScript's relationship and/or communications with Aaron Lichtman, Eliezer "Lou" Scheiner, Teddy Lichtschein, Ron Ostroff, Tara Rosenbaum, the Plaintiffs, the Third-Party Defendants, and/or PharMerica, and/or entities affiliated with and/or controlled by these individuals or entities.

6. PharmScript's relationship and/or communications with Rubin Schron, Eli Schron, Avi Schron, Chaya Coheyn, Mark Schron, Miriam Scher, Bracha Rothstein, Jeffrey Schron and/or Samuel Schron, and/or entities affiliated with and/or controlled by these individuals.

7. PharmScript's relationship and/or communications with Leonard Grunstein, Harry Grunstein, Murray Forman, and/or Lawrence Levinson, and/or entities affiliated with and/or controlled by these individuals.

8. PharmScript's efforts to replace PharMerica as the institutional pharmacy services provider to any nursing home, long-term care, or assisted living facility, including, but not limited to, the Plaintiffs.

9. The due diligence undertaken by the current owners of PharmScript or on their behalf with regard to their purchase/acquisition of PharmScript, including information concerning the actions undertaken, when taken, by whom, and the purpose of those actions.

10. The valuation conducted by the current owners of PharmScript or on their behalf with regard to their purchase/acquisition of PharmScript and the rationale for the purchase price of PharmScript.

11. The determination that the current owners' purchase/acquisition of PharmScript did not violate the Federal Claims Act, the Anti-Kickback Statute, and/or any other law, statute, or regulation.

12. The identity of counsel and/or financial advisors, including accountants, utilized by the current owners of PharmScript in connection with their purchase/acquisition of PharmScript.

13. The identity of the entities and/or individuals from whom the current owners of PharmScript purchased/acquired PharmScript.

14. The identity of PharmScript's accountants, financial advisors, banks, administrators of benefit plans, payroll services, office support services, and/or other providers of business services.

AO 88B (Rev 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| PITTSBURG SNF LLC, et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:10-cv-363 |
| PHARMERICA EAST LLC f/k/a PHARMERICA EAST, INC. | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | )   Eastern District of Texas ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: PharmScript LLC
81 Glendale Avenue, Edison, NJ 08817

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Schedule A attached hereto.

| Place: Holland & Knight LLP<br>31 West 52nd Street<br>New York, NY 10019 | Date and Time:<br>04/23/2012 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___03/29/2012___

CLERK OF COURT

OR

_____     /s/ Elizabeth M. Mitchell
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    PharMerica East LLC
_____, who issues or requests this subpoena, are:

Elizabeth M. Mitchell, Holland & Knight LLP, 10 St. James Avenue, Boston, MA 02116; elizabeth.mitchell@hklaw.com; (617) 523-2700

AO 88B (Rev 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:10-cv-363

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

## INSTRUCTIONS AND DEFINITIONS

A.  "PharMerica" refers to and includes PharMerica East, LLC and its predecessors and successors in interest, directors, officers, employees, agents, representatives, servants, or attorneys, individually and/or collectively.

B.  "You," "your," or "PharmScript" refers to and includes PharmScript LLC and its respective partners, members, principals, managers, directors, officers, employees, agents, servants, attorneys, consultants, or representatives acting on their behalf, individually and/or collectively.

C.  "Plaintiffs" refers to and includes Pittsburg SNF LLC, Balch Springs SNF LLC, Bay Oaks SNF LLC, Bellmire SNF LLC, Benbrook SNF LLC, Birmingham SNF LLC, Bluebonnet SNF LLC, Clarksville SNF LLC, Clyde SNF LLC, Colonial Manor SNF LLC, Colonial Manor NH SNF LLC, Courtyard SNF LLC, Crowell SNF LLC, El Paso SNF LLC, Gardendale SNF LLC, Greenville SNF LLC, Henderson SNF LLC, Lubbock NH SNF LLC, McAllen SNF LLC, Mesquite NH SNF LLC, Monterrey SNF LLC, Munday SNF LLC, Palo Pinto SNF LLC, Park View SNF LLC, Prairie House SNF LLC, River Oaks SNF LLC, Rosenberg SNF LLC, Santa Fe SNF LLC, Southeast SNF LLC, Stonebrook Manor SNF LLC, Sulphur Springs SNF LLC, Pinecrest SNF LLC, Renaissance SNF LLC, Vernon SNF LLC, Vista Hills SNF LLC, Wedgewood SNF LLC, and White Settlement SNF LLC and their respective partners, members, principals, managers, directors, officers, employees, agents, servants, attorneys, consultants, or representatives acting on their behalf, individually and/or collectively.

D.  "Eliezer 'Lou' Scheiner" means Eliezer "Lou" Scheiner or any person acting under his direction or control, including any employees or agents.

E.  "Teddy Lichtschein" means Teddy Lichtschein or any person acting under his direction or control, including any employees or agents.

F.  "Ron Ostroff" means Ron Ostroff or any person acting under his direction or control, including any employees or agents.

G.  "Rubin Schron" means Rubin Schron or any person acting under his direction or control, including any employees or agents.

H.  "Aaron Lichtman" means Aaron Lichtman or any person acting under his direction or control, including any employees or agents.

I.  "Tara Rosenbaum" means Tara Rosenbaum or any person acting under her direction or control, including any employees or agents.

J.  "Eli Schron" means Eli Schron or any person acting under his direction or control, including any employees or agents.

K.  "Avi Schron" means Avi Schron or any person acting under his direction or control, including any employees or agents.

L.  "Chaya Coheyn" means Chaya Coheyn or any person acting under her direction or control, including any employees or agents.

M.  "Mark Schron" means Mark Schron or any person acting under his direction or control, including any employees or agents.

N.  "Miriam Scher" means Miriam Scher or any person acting under her direction or control, including any employees or agents.

O.  "Bracha Rothstein" means Bracha Rothstein or any person acting under her direction or control, including any employees or agents.

2

P.  "Jeffrey Schron" means Jeffrey Schron or any person acting under his direction or control, including any employees or agents.

Q.  "Samuel Schron" means Samuel Schron or any person acting under his direction or control, including any employees or agents.

R.  "Leonard Grunstein" means Leonard Grunstein or any person acting under his direction or control, including any employees or agents.

S.  "Harry Grunstein" means Harry Grunstein or any person acting under his direction or control, including any employees or agents.

T.  "Murray Forman" means Murray Forman or any person acting under his direction or control, including any employees or agents.

U.  "Lawrence Levinson" means Lawrence Levinson or any person acting under his direction or control, including any employees or agents.

V.  "Third-Party Defendants" refers to and includes Peter Licari, Michael D'Arcangelo, William D. Jacobson, David C. Milling, PharMaster, L.P., and PharMaster GP, LLC, and their respective partners, members, principals, managers, directors, officers, employees, agents, servants, attorneys, consultants, or representatives acting on their behalf, individually and/or collectively.

W.  "Pharmacy services agreement" means a contract by which PharmScript agrees to provide institutional pharmacy services to a nursing home, long-term care, or assisted living facility.

X.  "Documents" means the original and each copy that is not identical with the original or that contains any commentary or notation that does not appear on the original of any written, printed, recorded, or graphic matter, however produced or reproduced, or any tangible

3

thing that in whole or part illustrates or conveys information, including but not limited to correspondence, e-mails, reports, records, lists, memoranda, invoices, checks, check stubs, ledgers, financial journals, financial statements, purchase orders, sales slips, books, draft letters, telegrams, catalogues, manuals, brochures, pamphlets, schedules, calendars, summaries or records of telephone conversations or interviews, diaries, graphs, plans, drawings, notebooks, photographs, motion picture film, videotape, audio or video recordings of any kind, however made, maps, advertisements, press releases, summaries or reports of investigations or negotiations, opinions or reports of consultants, appraisals, and recordings of any other type. "Documents" also includes any and all information transmitted by and/or stored on or in any computer or word processing system, including but not limited to any and all e-mailed documents.

Y. "Person" means any natural person or any business, legal, or governmental entity or association.

Z. "Relating to" means relating to, referring to, describing, evidencing, concerning, or constituting.

AA. "Communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise.

BB. To the extent necessary to bring within the scope of the categories in this notice any information that might otherwise be construed as outside their scope (a) the word "or" means "and/or"; (b) the word "and" means "and/or"; (c) the word "all" means "any and all"; (d) the word "any" means "any and all"; (e) the singular includes the plural and the plural includes the singular, and (f) masculine pronouns denote the correlative feminine pronouns.

CC.  If you claim that any document or information requested is not subject to production because of any privilege, the attorney work product doctrine, or other permissible exclusion from discovery, then for each such document or item of information please provide the following information: (a) the nature of the document or communication (e.g., letter, memorandum, telephone conversation, etc.); (b) the date of the document or communication; (c) the speaker(s), or author of the document; (d) the names and addresses of those to whom the document was sent or those present during the communication; (e) the number of pages of the document, and an explanation and identification of any attachments thereto; and (f) a full explanation of the privilege or exclusion claimed and the basis of that claim, including a precise description of the material contained in the document or communication that you claim to be privileged or excluded and an identification of the material contained therein, if any, for which you do not claim a privilege or exclusion from discovery.

DD.  Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

## DOCUMENTS AND THINGS

1. Documents sufficient to identify the owner(s) of PharmScript, including any and all individuals who have an ownership interest in any entities that have an ownership interest in PharmScript.

2. Any and all pharmacy services agreements to which PharmScript is a party.

3. Any and all documents relating to, or which discuss, the terms of the pharmacy services agreements to which PharmScript is a party, particularly relating to terms regarding pricing, length, liquidated damages, and patient choice.

4. Any and all documents relating to any attempts by PharmScript to expand its business or customer base since 2009, including any and all documents identifying any new markets or customers that it has targeted or pursued in that time.

5. Any and all communications to, from, and/or involving Aaron Lichtman, Eliezer "Lou" Scheiner, Teddy Lichtschein, Ron Ostroff, and/or Tara Rosenbaum, and/or entities affiliated with and/or controlled by these individuals.

6. Any and all communications to, from, and/or involving Rubin Schron, Eli Schron, Avi Schron, Chaya Coheyn, Mark Schron, Miriam Scher, Bracha Rothstein, Jeffrey Schron and/or Samuel Schron, and/or entities affiliated with and/or controlled by these individuals.

7. Any and all communications to, from, and/or involving Leonard Grunstein, Harry Grunstein, Murray Forman, and/or Lawrence Levinson, and/or entities affiliated with and/or controlled by these individuals.

8. Any and all communications to, from, and/or involving the Third-Party Defendants.

9. Any and all communications to, from, and/or involving PharMerica.

6

10. Any and all documents relating to efforts to replace PharMerica as the institutional pharmacy services provider to any nursing home, long-term care, or assisted living facility, including, but not limited to, the Plaintiffs.

11. Any and all documents relating to the Plaintiffs.

12. Any and all documents relating to the negotiations involving the current owners of PharmScript and the prior owners of PharmScript, including offering memoranda, correspondence, due diligence, notes, and/or any other similar materials.

13. Any and all documents relating to the valuation undertaken by the current owners of PharmScript or on their behalf in conjunction with their purchase/acquisition of PharmScript.

14. Any and all non-privileged documents relating to a determination that the current owners' purchase/acquisition of PharmScript did not violate the Federal Claims Act, the Anti-Kickback Statute, and/or any other law, statute, or regulation, including any opinions and/or materials authored and/or provided by Epstein Becker & Green, P.C.

15. Documents sufficient to identify counsel and/or financial advisors, including accountants, utilized by the current owners of PharmScript in connection with their purchase/acquisition of PharmScript.

16. Documents sufficient to identify the entities and/or individuals from whom the current owners of PharmScript purchased/acquired PharmScript.

17. Documents sufficient to identify the identity of PharmScript's accountants, financial advisors, banks, administrators of benefit plans, payroll service, office support services, and/or other providers of business services.