# condon & associates, PLLC
## attorneys at law

55 Old Turnpike Road, Suite 502 • Nanuet, New York 10954 • phone (845) 627-8500 • fax (845) 627-8507

Brian K. Condon*   Laura M. Catina*   Dawn Congiusti†   *ADMITTED IN NEW YORK AND NEW JERSEY   †PARALEGAL

SENDER'S E-MAIL: brian@condonlawoffices.com

May 8, 2012

<u>Via Fax Transmission - (617) 523-6850</u>
<u>& E-mail Transmission</u>

Elizabeth Mitchell, Esq.
Holland & Knight
10 James Street, 11th Floor
Boston, MA 02116

      Re:    PharmScript, LLC

Dear Ms. Mitchell:

      As you know from the communication we have exchanged for months, beginning with your improper issuance of the first two (2) subpoenas and during our several telephone conferences and exchange of e-mails, our firm represents PharmScript, LLC for the purposes of your subpoenas.

      During our telephone conversations, I mentioned to you that PharmScript had many issues with the nature of the documents requested, especially considering the past litigation history of all parties. In truth, you were the person who first clued me in to the complex nature of this case. As you were advised previously, we object to the documents and testimony requested in your non-party subpoenas

      First, you provided my client with thirteen (13) days to comply with the nature of the subpoena which is not a reasonable period of time to respond to the same in the Southern District of New York.

      Secondly, the documents you request would subject non-party PharmScript, LLC to an undue burden in contravention of the terms of Rule 45(c)(2)(B) and (c)(3)(A)(iv). I am sure you realize that the word "Plaintiffs" have been defined as thirty-six different entities and parties. That would cause an major undue burden to answer this subpoena and continue to operate its own business normally.

      Furthermore, of the seventeen (17) documents requested most of the requests are vague, inexplicit and overbroad. I will address each demand in turn.

1. Documents to identify the ownership of PharmScript is overbroad. If you would like to ask this in a letter, I would be more than happy to provide you with that information. There is no reason to provide corporate documents from a non-party witness.

2. "Any and all pharmacy service agreements to which PharmScript is a party" is most certainly vague, inexplicit and overbroad.

3. "Any and all documents relating to, or which discuss, the terms of the pharmacy service agreements to which PharmScript is a party, particularly relating to terms regarding pricing, length, liquidated damages and patient choice" is most certainly vague, inexplicit and overbroad.

4. "Any and all documents relating to any attempts by PharmScript to expand its business or customer base since 2009, including any and all documents identifying any new markets or customers that it has targeted or pursued in that time" is most certainly vague, inexplicit and overbroad.

5. "Any and all communication to, from, an/or involving Aaron Lichtman, Eliezer "Lou" Scheiner, Teddy Lichtschein, Ron Ostroff, and/or Tara Rosenbaum, and/or entities affiliated with and/or controlled by these individuals" is most certainly vague, inexplcit and overbroad.

6. Any and all communication to, from, and/or involving Rubin Schron, Eli Schron, Avi Schron, Chaya Coheyn, Mark Schron, Miriam Scher, Bracha Rothstein, Jeffrey Schron, and/or Samuel Schron, and/or entities affiliated and/or controlled by these individuals is most certainly vague, inexplicit and overbroad.

7. Any and all communication to, from and/or involving Leonard Grunstein, Harry Grunstein, Murray Forman, and/or Lawrence Levinson, and/or entities affiliated with and/or controlled by these individuals is most certainly vague, inexplicit and overbroad.

8. Any and all communication to, from, and/or involving the Third Party Defendants is most certainly vague, inexplicit and overbroad.

9. Any and all communication to from and/or involving PherMerica is vague, inexplicit and overbroad.

10. Any and all documents relating to efforts to replace PharMerica as the institutional pharmacy service provider to any nursing home, long-term care, or assisted living facility, including, but not limited to, Plaintiff is completely inappropriate as the information sought would disclose the competitive operations and business trade secrets of the non-party witness and is not appropriate.

11. Any and all documents relating to the Plaintiff is most certainly vague, inexplicit and overbroad.

12. Any and all documents relating to the negotiations involving the current owners of PharmScript and the prior owners of PharmScript, including offering memoranda, correspondence, due diligence, notes, and/or any other similar materials is not appropriate and is most certainly vague, inexplicit and overbroad.

13. Any and all documents relating to the valuation undertaken by the current owners of PharmScript or on their behalf in conjunction with their purchase/acquisition of PharmScript is not appropriate and/or is most certainly vague, inexplicit and overbroad.

14. Any and all non-privilege documents relating to a determination that the current owners' purchase/acquisition of PharmScript did not violate the Federal Claims Act, the Anti-Kickback Statute, and/or any other law, statute, or regulation, including any opinions and/or materials authored and/or provided by Epstein, Becker and Green, PC is all protected by attorney client privilege. In addition, the same is vague, inexplicit and overbroad.

15. Documents sufficient to identify counsel and/or financial advisors, including accountants, utilized by the current owners of PharmScript in connection with their purchase/acquisition of PharmScript is vague, inexplicit and overbroad.

16. Documents sufficient to identify the entities and/or individuals from whom the current owners of Pharmscript purchased/acquired PharmScript is vague, inexplicit and overbroad.

17. Documents sufficient to identify the identity of PhamScript's accountants, financial advisors, banks, administrators of benefit plans, payroll service, office support services and/or other providers of business services is most certainly vague, inexplicit and overbroad.

I object to the Subpoena to Testify, which lists the categories of inquiry, for the same reasons as set forth above because the "categories" are along the lines of the same documents that have been requested and which are objected to for the foregoing reasons.

If you wish to narrow the scope of your subpoena, please provide me with that revised subpoena so that I can discuss the same with my client.

As always, I would welcome the opportunity to speak with you on the phone should you wish to discuss these maters.

Very truly yours,

CONDON & ASSOCIATES, PLLC

By: /s/ Brian K. Condon
   Brian K. Condon

cc: PharmScript, LLC

# condon & associates, PLLC
## attorneys at law

55 Old Turnpike Road, Suite 502 • Nanuet, New York 10954 • phone (845) 627-8500 • fax (845) 627-8507

Brian K. Condon*   Laura M. Catina*   Dawn Congiusti†      *ADMITTED IN NEW YORK AND NEW JERSEY   †PARALEGAL

## FAX COVER SHEET

DATE:          May 8, 2012

TO:            Elizabeth Mitchell, Esq.

COMPANY:       Holland & Knight

FAX NUMBER:    (617) 523-6850

FROM:          Brian K. Condon

RE:            PharmScript LLC

MESSAGE:

---

NUMBER OF PAGES (including cover sheet): 5

THE ORIGINAL OF THIS FAX WILL NOT BE MAILED

IF THIS FAX IS NOT RECEIVED IN ITS ENTIRETY, PLEASE CALL (845) 627-8500

CLIENT FILE NO.:                         FAX TRANSMITTAL FILE NO.: _____

---

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ABOVE NAMED EMPLOYEE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA FIRST CLASS MAIL. RECEIPT BY ANYONE OTHER THAN THE INTENDED RECIPIENT IS NOT A WAIVER OF ANY ATTORNEY-CLIENT OR WORK PRODUCT PRIVILEGE.

# condon & associates, PLLC

## attorneys at law

55 Old Turnpike Road, Suite 502 • Nanuet, New York 10954 • phone (845) 627-8500 • fax (845) 627-8507

Brian K. Condon*   Laura M. Catina*   Dawn Congiusti†   *ADMITTED IN NEW YORK AND NEW JERSEY   †PARALEGAL

## FAX COVER SHEET

DATE:        May 8, 2012

TO:          Elizabeth Mitchell, Esq.

COMPANY:     Holland & Knight

FAX NUMBER:  (617) 523-6850

FROM:        Brian K. Condon

RE:          PharmScript LLC

MESSAGE:

---

NUMBER OF PAGES (including cover sheet): 5

THE ORIGINAL OF THIS FAX WILL NOT BE MAILED

IF THIS FAX IS NOT RECEIVED IN ITS ENTIRETY, PLEASE CALL (845) 627-8500

CLIENT FILE NO.:                           FAX TRANSMITTAL FILE NO.: _____

---

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ABOVE NAMED EMPLOYEE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA FIRST CLASS MAIL. RECEIPT BY ANYONE OTHER THAN THE INTENDED RECIPIENT IS NOT A WAIVER OF ANY ATTORNEY-CLIENT OR WORK PRODUCT PRIVILEGE.