# Holland & Knight

10 St. James Avenue | Boston, MA 02116 | T 617.523.2700 | F 617.523.6850
Holland & Knight LLP | www.hklaw.com

Elizabeth M. Mitchell
(617) 619-9235
elizabeth.mitchell@hklaw.com

May 11, 2012

*Via First Call and Electronic Mail*

Brian K. Condon, Esq.
Condon & Associates PLLC
55 Old Turnpike Road, Suite 502
Nanuet, New York 10954

    Re:    Rule 45 Subpoenas for Documents and Testimony to PharmScript LLC

Dear Brian:

    We are in receipt of your correspondence dated May 8, 2012 regarding the subpoenas issued to PharmScript LLC ("PharmScript") by PharMerica East LLC ("PharMerica"). Given your request on Friday, May 4, 2012 for a "meet and confer" on Monday, May 7, 2012, I was surprised that you did not respond to my offer to discuss any concerns you had regarding the subpoenas on Monday. Instead, we heard nothing from you until we received your letter, which, beyond generically setting forth untimely objections to the subpoenas, does little to explain any meaningful objections you may have to the subpoenas. Moreover, your selective recitation of the history of these subpoenas is misleading and somewhat irrelevant given that valid subpoenas have been served upon your client and, to date, they have failed to respond as required.

    For the record, we set out the chronology relating to the issuance and failure to comply with these subpoenas:

    On February 24, 2012, we served on PharmScript two subpoenas issued through the United States District Court for the District of New Jersey. One subpoena sought the production of documents on March 7, 2012 and the other testimony via deposition scheduled for March 21, 2012. Substantively, these subpoenas are identical to the currently operative subpoenas.

    On March 14, 2012, we spoke regarding the subpoenas. In an email later that day, you informed me that you planned to speak with your client and others regarding the subpoenas and would "be getting back to" me. In response and as we discussed, I sent you a copy of the protective order that the Court has entered in this case.

Brian K. Condon, Esq.
May 11, 2012
Page 2

    Having not heard from you, on March 19, 2012, I sent you an email inquiring as to the status of your client's responses to our subpoenas. Later that day, you informed me via email that we "need[ed] to reschedule the deposition," that you wanted to speak with me regarding the subpoenas, and that you "ha[d] issues with both of them" that you wanted to discuss. That same day, I replied to you that I was available to discuss the subpoenas the following day.

    Having not heard from you, I emailed you the next day, on March 20, 2012, and asked when you wanted to speak. You told me that you were in depositions and suggested a time to speak later that day. Not wanting to take up your time on a day when you were busy, I offered that we could speak the following day if that was better for you. You responded, "Let's try to hook up tomorrow."

    The next day, March 21, 2012, you sent me a short letter via email and fax transmission. In it, you informed me that you found the subpoenas to be "defective," and, for that reason, PharmScript would "not be producing any documents or anyone to testify at this time." I replied via email that we believed the subpoenas to be effective and fully enforceable. In that email, I offered to discuss with you orally or in writing any concerns you had regarding the subpoenas.

    Not having heard from you, I sent you another email, on March 28, 2012, asking when you were available to speak. The next day, you returned my call and requested that the subpoenas be reissued from the Southern District of New York.

    Pursuant to your request, later that day, on March 29, 2012, I forwarded to you via email the subpoenas re-issued from the Southern District of New York to address the concerns that you had raised with me. As we had discussed, with the exception of the dates and the districts, the substance of the subpoenas was identical to the subpoenas previously issued from the District of New Jersey. I indicated that we were willing to work with you to identify mutually convenient dates for production and deposition. I also requested that you advise me regarding whether you were authorized to accept service of the subpoenas. You did not respond.

    On April 9, 2012, I again asked, via email, whether you were authorized to accept service of the subpoenas. You recommended that we serve PharmScript and we agreed to communicate further about how best to proceed going forward.

    On April 10, 2012, we served PharmScript with the subpoenas. You did not, as you had promised, contact me.

    Rather, on April 23, 2012, I reached out to you to discuss PharmScript's production, which was due that day. In response, you informed me that you were "not sure as to [your] client's position as to the documents and testimony" and that you would inform me "by early next week at the latest . . . of [PharmScript's] position." You further indicated that "should [your] client acknowledge the subpoena," you were not available on the scheduled date.

#11204909_v1

Brian K. Condon, Esq.
May 11, 2012
Page 3

     I contacted you again on April 25, 2012 regarding the status of the subpoenas, but I did not hear further from you. No documents were ever produced by PharmScript and no objections to the subpoenas were served by PharmScript on us before the date for response.

     Having not heard from you, on May 4, 2012, I again reached out to you to confirm that PharmScript was going to appear for its deposition as set forth in the subpoena on May 8, 2012. In response, you indicated that you had "several substantive problems" with the subpoenas and that PharmScript "ha[d] no intention on [sic] appearing for any depositions at this time on any date – May 8th or otherwise."

     Although you inquired about my availability for a meet and confer on Monday, May 2012 and I provided times during which I was available, as indicated above, you again did not respond. Instead, you sent your correspondence of May 8, 2012 setting forth untimely objections.

     Indeed, pursuant to Federal Rule of Civil Procedure 45(b)(2)(B), any objections to the subpoena for documents were due by April 23—more than two weeks ago. And, although we are not aware of anything suggesting that thirteen days is insufficient time to comply with a subpoena, given that your client was aware of the substance of the subpoenas since late February, it strikes us as adequate. Nonetheless, we offered to work with you to identify mutually convenient dates for both a production and deposition, but you did not respond. Rather, the date set forth in the subpoena for documents came and went without a substantive response from you.

     Despite the foregoing and subject to the constraints we face given our impending discovery deadline, we remain willing to work with you to identify mutually convenient and reasonable dates for the production of documents and for a deposition. We also remain willing to discuss the scope of our requests and to narrow them to the extent reasonable. To that end, we address the concerns raised in your letter of May 8, 2012.

     As an initial matter, you express concern regarding prior litigation between our respective clients. While I personally was not involved in that litigation, it is my understanding that it involved enforcement of a non-compete agreement where a former PharMerica employee was hired by PharmScript. The issues in that matter are entirely unrelated to the materials and testimony sought in the subpoenas. Significantly, it also is my understanding that the non-compete dispute has been settled and resolved in its entirety. As a result, we do not think there should be any issues that hinder PharmScript's compliance with the subpoenas.

     Further, it is unclear to us why the number of plaintiffs involved in the underlying matter creates an undue burden for your client in responding to the subpoenas. The only request that seeks materials relating to the plaintiffs is Request No. 11. Each of the plaintiffs is the operator of a nursing home in Texas and has been fully identified. As such, we do not believe there should be any confusion as to the identity of the plaintiffs, particularly where it is our understanding that the principals of PharmScript also are the principals of these plaintiffs. You conclusorily claim that Request No. 11 is "most certainly vague, inexplicit and overbroad." We

#11204909_v1

Brian K. Condon, Esq.
May 11, 2012
Page 4

disagree. It is precise and explicit in that it identifies the documents sought and the parties involved. If, however, you have specific concerns about its breadth, we are happy to discuss those with you. In the absence of the provision of reasonable specific grounds supporting your objection, we plan to pursue this Request.

With regard to Request No. 1, we appreciate your offer to provide the information by way of a letter from you, but believe that ultimately we will need the underlying documents for evidentiary purposes. Specifically, we seek documents "sufficient" to identify the owners of PharmScript, including individuals who may have an ownership interest in entities that have an interest in PharmScript. This hardly seems overbroad or burdensome. Rather, it seeks a limited scope of documents sufficient to establish ownership. As such, we think that the Request is appropriately tailored and enforceable.

In Request No. 2, we seek pharmacy service agreements to which PharmScript is a party. You again object on the grounds that it is "most certainly vague, inexplicit and overbroad." Because the Request specifically identifies the materials sought, we do not think it vague or inexplicit. If, however, we can provide further specificity that would assist your client in complying with the Request, please let us know. Additionally, absent an explanation as to why you view the Request as burdensome, it is difficult for us to give thought to how we might be able to narrow the Request. We certainly would consider any additional information that you are able to provide.

In Request No. 3, we seek documents relating to the terms of the pharmacy service agreements to which PharmScript is a party. You again object on the grounds that the request is "most certainly vague, inexplicit and overbroad." The Request is explicit in stating, however, that we are interested in such documents "particularly relating to terms regarding pricing, length, liquidated damages and patient choice." Nonetheless, in an effort to narrow this Request, we are willing to accept redacted documents and/or a compilation of information relating to terms regarding pricing, length, liquidated damages, and patient choice in pharmacy services agreements to which PharmScript is a party.

In Request No. 4, we seek documents relating to attempts by PharmScript to expand its business or customer base since 2009, including any documents identifying any new markets or customers that it has targeted or pursued in that time. You again object on the grounds that the request is "most certainly vague, inexplicit and overbroad." Because the Request specifically identifies the materials sought, and seeks such documents that date back only three years, we do not think that it is vague, inexplicit, or overbroad. If, however, you can suggest a way to narrow this request, we would certainly consider it.

In Requests No. 5, 6, and 7, we seek communications to, from, and/or involving Aaron Lichtman, Eliezer "Lou" Scheiner, Teddy Lichtschein, Ron Ostroff, Tara Rosenbaum, Rubin Schron, Eli Schron, Avi Schron, Chaya Coheyn, Mark Schron, Miriam Scher, Bracha Rothstein, Jeffrey Schron, Samuel Schron, Leonard Grunstein, Harry Grunstein, Murray Forman, and/or Lawrence Levinson, and/or entities affiliated with and/or controlled by these individuals. You again object on the grounds that the requests are "most certainly vague, inexplicit and

#11204909_v1

overbroad." Because the Requests specifically identify the materials sought and the persons involved in the communications sought, we do not think they are vague or inexplicit. In an effort to narrow these Requests, we are willing to accept only such documents that are to or from any of the listed individuals or entities, thereby freeing you from determining whether a communication involves any of the individuals or entities.

In Request No. 8, we seek communications to, from, and/or involving the Third-Party Defendants. Similarly, in Request No. 9, we seek communications to, from, and/or involving PharMerica. You again object that Request No. 8 is "most certainly vague, inexplicit and overbroad" and that Request No. 9 is "vague, inexplicit and overbroad." Again, because the Requests specifically identify the materials sought, we do not think they are vague or inexplicit. If, however, you can suggest a way to narrow this request, we would certainly consider it.

In Request No. 10, we seek "documents relating to efforts to replace PharMerica as the institutional pharmacy services provider to any nursing home, long-term care, or assisted living facility, including, but not limited to, the Plaintiffs." You object that this Request "is completely inappropriate as the information sought would disclose the competitive operations and business trade secrets of the non-party witness and is not appropriate." On March 14, 2012, I provided you with a copy of the Confidentiality Order entered by the Court in this case, which should sufficiently address your concerns regarding confidentiality. If, however, there are additional protections that you propose, we are happy to consider them.

In Request No. 12, we seek documents relating to the negotiations involving the current owners of PharmScript and the prior owners of PharmScript, including offering memoranda, correspondence, due diligence, notes, and/or any other similar materials. You again object that this request is "not appropriate and is most certainly vague, inexplicit and overbroad." Because the Request specifically identifies the materials sought, we do not think it is vague or inexplicit. Further, because the materials sought relate to one, easily definable event (the change in control of PharmScript), we do not think the Request is overbroad. You have not indicated why you believe that this Request is "not appropriate," but if you explained that objection, we might be able to narrow the Request to address your concerns.

In Request No. 13, we seek documents relating to the valuation undertaken by PharmScript's current owners or on their behalf in conjunction with their purchase/acquisition of PharmScript. You again object that this request is "not appropriate and is most certainly vague, inexplicit and overbroad." Because the Request specifically identifies the materials sought, we do not think it is vague or inexplicit. Further, because the materials sought relate to one, easily definable subject (the valuation of PharmScript), we do not think the Request is overbroad. You have not indicated why you believe that this Request is "not appropriate," but if you explained that objection, we might be able to narrow the Request to address your concerns.

In Request No. 14, we seek non-privileged documents relating to a determination that the current owners' purchase/acquisition of PharmScript did not violate the Federal Claims Act, the Anti-Kickback Statute, and/or any other law, statute, or regulation, including any opinions and/or materials authored and/or provided by Epstein Becker & Green, P.C. You object that all such

#11204909_v1

Brian K. Condon, Esq.
May 11, 2012
Page 6

documents are "protected by the attorney client privilege." It is our understanding that the law firm of Epstein Becker & Green represented the sellers in that transaction. As such, to the extent any communications or information provided by the Epstein Becker and Green were provided from third parties, such as the prior owners of PharmScript, to you, such information is not privileged. If, however, you continue to believe that such materials are in fact privileged, you are required, under Federal Rule 45(d)(2)(A)(ii), to "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."

In Request No. 15, we seek documents sufficient to identify counsel and/or financial advisors, including accountants, utilized by the current owners of PharmScript in connection with their purchase/acquisition of PharmScript. In Request No. 16, we seek documents sufficient to identify the entities and/or individuals from whom the current owners of PharmScript purchased/acquired PharmScript. In Request No. 17, we seek documents sufficient to identify PharmScript's accountants, financial advisors, banks, administrators of benefit plans, payroll service, office support services, and/or other providers of business services. You again object that the requests are "vague, inexplicit and overbroad." Because the Requests specifically identify the materials sought, we do not think they are vague or inexplicit. Further, because we seek only documents sufficient to identify these individuals and entities, and nothing further, the Requests are quite narrow. As such, we think that the Requests are appropriately tailored and enforceable.

I am hopeful that we can avoid motion practice with regard to these subpoenas. I therefore look forward to our scheduled discussion on Monday in the hope that we can reach a resolution of this matter. Please note that because our current discovery deadline is June 15, 2012, we will need to resolve any outstanding issues by the end of next week.

Sincerely yours,

HOLLAND & KNIGHT LLP

*Elizabeth M. Mitchell*
Elizabeth M. Mitchell

EMM/ZEH:mab

#11204909_v1