IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PITTSBURG SNF LLC, ET AL. | § | |
| | § | |
| v. | § | Case No. 2:10-CV-363- JRG-RSP |
| | § | |
| PHARMERICA EAST, LLC, ET AL. | § | |

Motion Hearing Minutes
May 11, 2012

OPEN: 9:04 a.m.                                    ADJOURN: 10:30 a.m.

| | |
|---|---|
| ATTORNEYS FOR PLAINTIFFS: | Brian Mitchell |
| | Morgan Meyer |
| ATTORNEY FOR DEFENDANTS: | Elizabeth Mitchell |
| | Ada Brown |
| ATTORNEYS FOR THIRD PARTY DEFENDANTS: | Doug McSwane |
| | Ashley Pate |
| LAW CLERK: | Chris Ponder |
| COURT REPORTER: | Jan Carter, CSR |
| COURTROOM DEPUTY: | Jan Lockhart |

Court opened. The attorneys announced ready for hearing. Mr. Mitchell argued on behalf of Plaintiffs. Ms. Mitchell argued on behalf of Defendants and Mr. McSwane argued on behalf of Third-Party Defendants.

The Court admitted into evidence the Exhibits 1-3 which are the parties' slides 12, 14 and 15. The Court ordered Plaintiff to produce the categories of documents listed on Exhibits 1-3, as per the agreement of the parties.

Recess was held from 9:50 a.m. to 10:25 a.m.

The Court denied the Motion for Protective Order with respect to category Nos. 3 and 22 on Exhibit 12 to Dkt. No. 102. Counsel for Third Party Defendant withdrew category No. 19.

Except as noted herein, the Motion for Protective Order (Dkt. No. 97) and the Motion to Compel (Dkt. No. 104) are DENIED.

Page 2
Minutes
May 11, 2012

Mr. McSwane requested that the Court note that the Motion to Transfer and Motion to Dismiss have been fully briefed.

The parties requested that the Court review the parties' Joint Motion for Entry of the Docket Control Order. The Court will review the proposal.

Court adjourned.

# We Believe Plaintiffs Previously <u>Agreed</u> to Produce...

- Documents identifying the entities who own the real estate; See April 10, 2012 Email. Exhibit 20
- Documents identifying the individuals who own an interest in these entities to the entities; See April 10, 2012 Email.
- Due diligence documents relating to the sale of the nursing homes and assumption of the PSAs, including financial due diligence materials; See Plaintiffs' Responses to PharMerica's First Interrogatories.
- Communications between the Plaintiffs, the Third-Party Defendants and Houlihan Lokey (broker); See April 10, 2012 Email.
- Materials regarding the valuation of the Nursing Homes;
- Spreadsheet regarding other PSAs. See April 10, 2012.



Court EXHIBIT 1  2:10cv363

# Plaintiffs have NOT Produced and Defendants are Entitled To...

- **ALL** files maintained by all involved individuals relating to the purchase of the nursing homes, the real estate and the assumption of the PSAs or any documents reflecting the illegality of the PSAs;

- **ALL** due diligence materials maintained by any involved individuals, including financial due diligence materials, relating to the purchase of the nursing homes, the real estate and the assumption of the PSAs;

- **ALL** valuation materials related to nursing homes and the pharmacy business, including any documents produced to any lender which values the Pharmacy business and/or nursing homes;

- **ALL** PSAs, or a spreadsheet detailing all PSAs, entered into by Plaintiffs, Plaintiffs' principals or other pharmacy services providers in which they have an interest setting forth the terms in dispute, including length, pricing, and termination provisions.

- **ALL** documents evidencing the dramatic change in opinion by Plaintiffs that they now believe PSAs are illegal, even though they have stipulated that at the time of the transaction they believed them to be legal;



Court EXHIBIT 2
2:10cv363

# Plaintiffs have NOT Produced and Defendants are Entitled To…

- **ALL** documents relating to any attempt to renegotiate the PSAs with PharMerica or negotiate a new PSA with any other provider;
- **ALL** loan documents directed to any representations made regarding the legality/illegality of the transaction, or representations and warranties made by buyers related to the transaction;
- **ALL** communications between the owners of the real estate and the Plaintiffs;
- **ALL** documents identifying the individuals who loaned money to the nursing homes;
- **ALL** documents relating to the purchase of Gracedale in Pennsylvania;
- **ALL** documents that Plaintiffs have previously agreed to produce.



EXHIBIT 3
2:10cv363